# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV986 HEA |
| | ) | |
| JEREMIAH "JAY" NIXON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This action for declarative and injunctive relief is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint for lack of standing and failure to state a claim, [Doc. No. 9]. Plaintiffs in this case seek (1) declaratory judgment that certain Missouri Statutes are void and (2) injunctive relief against Defendants' enforcement of the statutes. For the reasons announced below, Defendants' motion to dismiss will be granted.

### Facts and Background

Plaintiffs' Complaint alleges the following:

Members of The Satanic Temple include women who have had or will get an abortion in Missouri. Plaintiff Mary Doe decided and may again decide to get an abortion in Missouri. The only place a woman can get an abortion in Missouri is

at the offices of Planned Parenthood of the St. Louis Region and Southwest Missouri ("Planned Parenthood"), in St. Louis City, Missouri.

The statute here applicable, Mo. Rev. Stat. § 188.027.1(2), requires that prior to providing a woman with an abortion, Planned Parenthood must deliver to her a booklet prepared by the Missouri Department of Health and Senior Services (the "Booklet"). The Booklet states, in pertinent part, "The life of each human being begins at conception. Abortion will terminate the life of a separate, unique, living human being" (the "Missouri Tenets").

Plaintiffs allege that the Missouri Tenets communicate the religious belief that human tissue in utero that is not viable ("Human Tissue") is, starting at conception, a unique human being with a life of its own, separate and apart from the woman whose uterus it occupies. Implicit in this belief is that the destruction of Human Tissue is morally wrong.

The Missouri Tenets are believed by some but not all people in Missouri, including without limitation members of the Catholic Church and some evangelical and fundamentalist Christian congregations.

The Booklet contains detailed descriptions and images of the anatomical and physiological characteristics of Human Tissue at two-week gestational increments from conception to full term.

Mo. Rev. Stat. § 188.027.1(4) requires that prior to providing a woman

with an abortion, Planned Parenthood "shall provide the woman with the opportunity to view . . . an active ultrasound of the unborn child and hear the heartbeat of the unborn child if the heartbeat is audible" (the "Ultrasound Opportunity "). The Ultrasound Opportunity must include "the dimensions of the unborn child, and accurately portray [] the presence of external members and internal organs, if present or viewable, of the unborn child."

Mo. Rev. Stat. § 188.027.1(4) requires Planned Parenthood to wait seventy two hours after the Ultrasound Opportunity before providing Plaintiff with an abortion (the "72 Hour Waiting Period").

Mo. Rev. Stat. § 188.027.12 requires Planned Parenthood to wait twenty four hours after the Ultrasound Opportunity before providing a woman with an abortion if the 72 Hour Waiting Period is enjoined by the Court (the "24 Hour Waiting Period.").

Mo. Rev. Stat. §188.027.3 also requires a woman to certify in writing that she has received the Booklet and the Ultrasound Opportunity before she may get an abortion (the "Certification Requirement").

The Booklet, the Ultrasound Opportunity, the 72 Hour Waiting Period, the 24 Hour Waiting Period and Certification Requirement are referred to by Plaintiffs as

the Missouri Lectionary. The purpose of the Missouri Lectionary is to "inform" a woman who has decided to get an abortion that the Missouri Tenets are true. Plaintiffs contend that the effect of the Missouri Lectionary is to: A. Encourage a pregnant woman who has decided to get an abortion to believe the Missouri Tenets and forgo an abortion; and B. Compel a woman who has decided to get an abortion to wait and consider the Missouri Tenets and Missouri Lectionary for at least three (3) days before getting the abortion; and C. Create doubt, guilt and shame in the mind of a pregnant woman who does not believe the Missouri Tenets.

Planned Parenthood is required by law to deliver the Missouri Lectionary to pregnant women who seek its abortion services. The Missouri Lectionary is delivered at a time when a pregnant woman has already decided to get an abortion.

Planned Parenthood delivered the Missouri Lectionary to Plaintiff Mary Doe when she was pregnant and sought an abortion in Missouri. Planned Parenthood will deliver the Missouri Lectionary to Plaintiff Mary Doe if she becomes pregnant again and seeks an abortion in Missouri. Planned Parenthood delivered the Missouri Lectionary to pregnant members of The Satanic Temple when they sought an abortion in Missouri. Planned Parenthood will deliver the Missouri Lectionary to pregnant members of The Satanic Temple when they seek an abortion in Missouri.

Plaintiffs' religious beliefs (the "Satanic Tenets") are: A. A woman's

body is inviolable and subject to her will alone; B. She makes decisions regarding her health based on the best scientific understanding of the world, even if the science does not comport with the religious or political beliefs of others; C. Human Tissue is part of her body; D. She alone decides whether to remove Human Tissue from her body; and E. She may, in good conscience, have Human Tissue removed from her body on demand and without regard to the current or future condition of the Human Tissue.

Adherents to the Satanic Tenets do not believe the Missouri Tenets are true. Specifically, they do not believe: A. The life of a human being begins at conception; B. Abortion terminates "the life of a separate, unique, living human being;" or C. The removal of Human Tissue from a woman's body is morally wrong.

The Missouri Tenets and Missouri Lectionary are irrelevant to adherents to the Satanic Tenets in making a decision to get an abortion because they believe Human Tissue can be removed from their bodies on demand and, in good conscience, without regard to the current or future condition of the Human Tissue.

Neither the Missouri Tenets nor the Missouri Lectionary is medically necessary for an adherent to the Satanic Tenets or any other woman to make an informed decision to get an abortion.

Women can and do routinely have safe abortions on demand throughout the country using established medical procedures and without consideration of the Missouri Tenets or the Missouri Lectionary.

Plaintiffs allege the following allegations establish a claim for a violation of the Establishment Clause:

All people have the right to formulate, hold, change or reject their own belief of whether Human Tissue is the life of a separate and unique human being that began at conception (the "Freedom to Believe When Human Life Begins"). All women who are contemplating getting an abortion in Missouri have the right, pursuant to the First Amendment, to exercise their Freedom to Believe When Human Life Begins and act upon their belief without interference or influence by the State of Missouri.

The creation, distribution and enforcement of the Missouri Lectionary promotes the Missouri Tenets in violation of the Establishment Clause of the First Amendment because the State of Missouri is using its power to regulate abortion to promote some, but not all, religious beliefs that Human Tissue is, from conception, a separate and unique human being whose destruction is morally wrong.

The purpose and effect of the Missouri Tenets and Missouri Lectionary are to promote the religious belief that Human Tissue is, from conception, a separate and unique human being whose destruction is morally wrong. The Missouri

Tenets and Missouri Lectionary foster an excessive entanglement between the State of Missouri and adherents to the religious belief that Human Tissue is a separate and unique human being from conception whose destruction is morally wrong.

Neither the Missouri Tenets nor the Missouri Lectionary promote the religious belief that Human Tissue is part of a woman's body that may be removed on demand in good conscience and without consideration of the current or future condition of the Human Tissue.

Defendants are acting under color of state law in the creation, distribution and enforcement of the Missouri Lectionary to promote the Missouri Tenets.

Defendants have infringed on Plaintiffs' rights under the Establishment Clause in violation of 42 U.S.C. §1983 in the creation, distribution and enforcement of the Missouri Lectionary to promote the Missouri Tenets.

Plaintiffs have been and will be irreparably injured by that violation because the Missouri Tenets and Missouri Lectionary are forced upon them with the intent and purpose to influence their Freedom to Believe When Human Life Begins.

Plaintiffs set out the following allegations in support of their Free Exercise violation claim:

The Missouri Tenets and Missouri Lectionary discriminate between a viewpoint that adheres to the Missouri Tenets and those viewpoints that do not.

Specifically, Missouri Tenets and Missouri Lectionary do not mention the Satanic Tenets or the scientific fact that an umbilical cord makes Human Tissue part of a woman's body. The Missouri Tenets and Missouri Lectionary interfere with the exercise by Plaintiffs of their religious beliefs. That interference includes, without limitation, compelled exposure to religious beliefs they do not have and delaying the implementation of their decision to abort Human Tissue. The Missouri Lectionary and Missouri Tenets cause Plaintiff Mary Doe and pregnant members of The Satanic Temple to endure delay, doubt, guilt and shame when they exercise their religious beliefs to abort Human Tissue in accordance with the Satanic Tenets.

Plaintiffs claim Defendants have infringed on Plaintiffs' rights under the Free Exercise Clause in violation of 42 U.S.C. §1983 in the creation, distribution and enforcement of the Missouri Lectionary to promote the Missouri Tenets. Plaintiffs claim they have been and will be irreparably injured by that violation because the Missouri Tenets and Missouri Lectionary interfere with the exercise of control over a woman's body in accordance with the Satanic Tenets.

Plaintiffs seek a declaration that the Missouri Tenets are null and void; a declaration that Mo. Rev. Stat. §§ 188.027.1(2), (4) and (5); 188.027.3; and 188.027.12 are null and void; a declaration that any woman may obtain an abortion without complying with Mo. Rev. Stat. §§ 188.027.1(2) (4) and (5); 188

.027.3; and 188.027.12; a declaration that any person may provide any woman with an abortion, including without limitation Planned Parenthood, without complying with Mo. Rev. Stat. §§ 188.027.1(2)(4) and (5); 188.027.3; and 188.027.12.

Plaintiffs also seek an injunction against Defendants from enforcing Mo. Rev. Stat. §§ 188.027.1(2), (4) and (5) and 188.027.3 or 188.027.12 against any woman or any person who provides her an abortion.

## Discussion

In support of their motion to dismiss, Defendants first assert that Plaintiffs lack standing. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based on the face of the pleadings, or a "factual" challenge, in which the court considers matters outside the pleadings. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729, n. 6 (8th Cir. 1990); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). Here, Defendant's challenge is based on the face of the pleadings and is therefore a facial attack. In evaluating a facial attack, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Osborn,* 918 F.2d at 729 n. 6). The court must accept

as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Article III, § 2 of the United States Constitution, federal jurisdiction is limited to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.' " *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Where a case is at the pleading stage, the plaintiff must "clearly...allege facts demonstrating each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Defendants urge dismissal for lack of standing because Plaintiffs have not satisfied the pleading requirements to establish they have standing to bring this action. Plaintiffs do not seek monetary damages, rather, the remedies they seek are for declaratory and injunctive relief. Because of this, Defendants argue that

Plaintiffs have failed to satisfy the concrete injury element of standing juris prudence. Plaintiff Doe is not now pregnant, there is no guaranty that she will become pregnant in the future, and that if she does, she will seek an abortion, thus, Plaintiffs' injuries are not sufficiently concrete for the Court to order the requested relief.

> The Eighth Circuit Court of Appeals has recognized that
>
> "a threatened injury must be certainly impending to constitute injury in fact," and that "allegations of future injury must be particular and concrete." *Johnson v. Missouri,* 142 F.3d 1087, 1089 (8th Cir.1998) (alterations and internal quotation marks omitted).

*Miller v. City of St. Paul*, No. 15-2885, 2016 WL 2956753, at *3 (8th Cir. May 23, 2016). Because Plaintiffs have failed allege a threatened injury that is certainly impending and that any future injury is particular and concrete, Plaintiffs have failed to sufficiently establish standing to challenge the Missouri statutes. Defendants' Motion to Dismiss for lack of subject matter jurisdiction is well taken.

## Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiffs lack standing to pursue their action, and therefore, the Court is without subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No 9], is **GRANTED.**

Dated this 15th day of July, 2016.

                                     _____
                                             HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE