# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3387
_____

The Satanic Temple; Mary Doe

*Plaintiffs - Appellants*

v.

Mike Parson, Governor of the State of Missouri[1]; Josh Hawley, Attorney General of the State of Missouri

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 20, 2017
Filed: August 28, 2018
[Unpublished]

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

The Satanic Temple and member Mary Doe filed suit against executive officers of the state of Missouri (the "Appellees") alleging five state-mandated abortion

---

[1] Governor Parson is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

advisories and procedures (sometimes referred to as the "Missouri Tenets") under Mo. Rev. Stat. §§ 188.027.1(2), 188.027.1(4), 188.027.3, and 188.027.12 (2014) (current version at Mo. Rev. Stat. § 188.027 (2017)) violate their rights under the Establishment and Free Exercise Clauses of the First Amendment. The district court[2] granted Appellees' motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). We affirm.

According to the complaint, "The Satanic Temple is an association of politically aware Satanists, secularists and advocates for individual liberty." Mary Doe is a member of The Satanic Temple and a resident of the state of Missouri. After becoming pregnant, she sought an abortion in St. Louis, Missouri. She complied with certain state-mandated procedures, which the complaint alleges constituted direct and unwelcome personal contact with religion, in violation of the Free Exercise and Establishment Clauses. After receiving the abortion, she filed this lawsuit in federal court seeking a series of declarations, an injunction, and attorneys' fees and costs. We review *de novo* the district court's dismissal of the complaint. Key Med. Supply, Inc. v. Burwell, 764 F.3d 955, 961 (8th Cir. 2014).

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" Red River Freethinkers v. City of Fargo, 679 F.3d 1015, 1022 (8th Cir. 2012) (citation omitted) (quoting U.S. Const. art. III, § 2, cl. 1.). "The usual rule in federal cases is that an actual controversy must exist at [all] stages of appellate or certiorari review, and not simply at the date the action is initiated." Roe v. Wade, 410 U.S. 113, 125 (1973); see also Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 795 (8th Cir. 2016) (noting generally that the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)" (citation omitted)). Mary Doe

---

[2]The Honorable Judge Henry E. Autry, United States Judge for the Eastern District of Missouri.

"bears the burden of showing that [s]he has standing for each type of relief sought." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

Here, Mary Doe was not pregnant at the date the action was initiated[3] and seeks only prospective relief.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (establishing that "the irreducible constitutional minimum of standing contains three elements": (1) "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be 'redressed by a favorable decision'" (citations omitted)); see also Summers, 555 U.S. at 493 (for plaintiffs seeking injunctive relief, "it must be likely that a favorable judicial decision will prevent or redress the injury").  Mary Doe therefore lacks constitutional standing. Additionally, although "[p]regnancy provides a classic justification for a conclusion of nonmootness," the doctrine does not apply here because she did not first establish standing.  Compare Roe, 410 U.S. at 125 (finding standing and nonmootness for a plaintiff who was pregnant when she filed suit and later obtained an abortion) with Roe at 127–29 (finding no standing for additional plaintiffs who were not pregnant when they filed suit); see also Klahr, 830 F.3d at 795.

---

[3]The Satanic Temple has two similar matters, involving identical or similar parties and arguments, pending in state court and federal court. On January 23, 2018, the Supreme Court of Missouri heard oral arguments between the parties and has not yet released its opinion.  See Doe v. Greitens, No. SC96751 (Mo. Jan. 23, 2018). There, Mary Doe (the same plaintiff as in the present case) was pregnant at the time she filed suit.  On February 28, 2018, Judy Doe filed a complaint in U.S. District Court for the Eastern District of Missouri against Appellees and certain named and unnamed doctors.  See generally Complaint, Doe v. Greitens, No. 4:18-cv-00339 (E.D. Mo. Feb. 28, 2018).  There the complaint alleges Judy Doe was pregnant at the time she filed suit. As of August 23, 2018, the district court has not yet ruled on the defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

As Mary Doe does not have standing to sue in her own right, and there are no other named members in the complaint, The Satanic Temple failed to demonstrate associational standing.  See Red River Freethinkers, 679 F.3d at 1022 (noting that an association "has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right").

Accordingly, we affirm the judgment of the district court.

_____

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329

**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 28, 2018

Mr. William James Mac Naughton
W. JAMES MAC NAUGHTON, ESQ.
7 Fredon Marksboro Road
Newton, NJ  07860

     RE:  16-3387  The Satanic Temple, et al v. Mike Parson, et al

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                             Michael E. Gans
                             Clerk of Court

AMT

Enclosure(s)

cc:    Mr. Ronald J. Eisenberg
        Mr. Gregory J. Linhares
        Mr. Dean John Sauer

     District Court/Agency Case Number(s):   4:15-cv-00986-HEA